IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN CARPENTER,

      Petitioner,                    No. CIV-S- 09-2448 GEB KJM P

   vs.

KEN CLARK,

      Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He alleges that his sentence was imposed in violation of his Sixth Amendment rights as delineated in <u>Cunningham v. California</u>, 549 U.S. 270 (2007) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Respondent has moved to dismiss, arguing that the petition is time-barred.

I. <u>Background</u>

        On June 29, 1999, the Nevada County Superior Court sentenced petitioner to the upper term of sixteen years for each of two counts of child molestation and the middle term of two years for another count, and ordered the terms to run consecutively. Lodged Document (Lodg. Doc.) 1.

/////

1    Petitioner did not appeal his plea and sentencing, but did pursue collateral relief
2 by filing a petition for a writ of habeas corpus in Nevada County Superior Court on October 8,
3 2008. Lodg. Doc. 2. That court denied the writ on October 16, 2008. Lodg. Doc. 3.
4    Petitioner then turned to the Court of Appeal, filing a writ on November 24, 2008.
5 Lodg. Doc. 4. That court also denied the petition, on November 26, 2008. Lodg. Doc. 5.
6    Petitioner then turned to the California Supreme Court; his writ in that court was
7 filed December 14, 2008[1] and denied June 24, 2009. Lodg. Docs. 6, 7.
8    The instant petition was filed in the Northern District on July 23, 2009.

II. The Statute Of Limitations

One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA) made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

/////

/////

---

[1] The court treats the day petitioner signed the petition as the filing date. Houston v. Lack, 487 U.S. 266, 276 (1988).

> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

When a state prisoner does not take a direct appeal from his conviction, the statute of limitations begins to run at the expiration of the sixty day period for filing a direct appeal. Lopez v. Felker, 536 F.Supp.2d 1154, 1157 (C.D. Cal. 2008); Evans v. Adams, 423 F.Supp.2d 1087, 1089-90 (C.D. Cal. 2006); Cal. Rule of Ct. 30(d) (1999). In this case, the sixty day period expired on August 30, 1999.[2] Accordingly, the statute of limitations began to run on August 31, 1999 and expired on August 31, 2000. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Fed. R. Civ. P. 6(a) to computing statute of limitations).

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999). However, a state petition filed after the limitations period has run will neither revive nor toll the statute of limitations. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). Petitioner's collateral attacks on his sentence, filed long after the statute of limitations had run, provide no basis for statutory tolling.

Petitioner argues, in essence, that he is entitled to rely on § 2244(d)(1)(C), triggered either by Apprendi or Cunningham. However, the Supreme Court has not held that either of these decisions are retroactively applicable to cases on collateral review. Although the Ninth Circuit has held that district courts are not barred by the non-retroactivity analysis of Teague v. Lane, 489 U.S. 288 (1989), from considering Cunningham claims, Teague does not provide a new starting date for the statute of limitations. Soja v. Hornbeck, 2010 WL 3118716 at *2 (N.D. Cal. 2010).

---

[2] The sixtieth day, August 29, 1999, was on a Sunday, so the period was extended until the next day. Cal. Civ. Proc. Code §§ 12, 12a.

Petitioner also argues, in essence, that he is entitled to equitable tolling because he was not aware of the Cunningham and Apprendi decisions until 2008, because he has learning disabilities, and because he had difficulties finding a writ writer he could trust, given the nature of his commitment offenses.  Opp'n (Docket No. 17) at 2; see also Response (Docket No. 14) at 1.[3]

To receive equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2562 (2010).  The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, __ U.S. __, 130 S.Ct. 244 (2009) (internal citation omitted); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's burden to show he is entitled to equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).  Petitioner's reasons for not pursuing his claims flow from his ignorance of the law: he did not know about the decisions he relies on now and did not know how to bring his claims of error to the court.  The Ninth Circuit has held, however, that ignorance of the law, without more, is not a valid basis for equitable tolling.  Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009), cert. denied, __ S. Ct. __, 2010 WL 1533101 (Oct. 4, 2010);  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

/////

---

[3] Petitioner filed both a "response" and a "rebuttal" to the motion to dismiss.  The court labels the former as the Opposition.

1   Plaintiff's reliance on his learning disabilities does not support his claim for
2 equitable tolling either.  Most basically, plaintiff has not identified the nature of his disabilities
3 beyond claiming them, and has not attempted to explain how the disabilities prevented his timely
4 filing of his habeas petition.  Cf. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005), as
5 amended, 447 F.3d 1165 (9th Cir. 2006); Cannon v. Kuhlmann, 2000 WL 1277331, at *2
6 (S.D.N.Y. 2000) (petitioner not entitled to equitable tolling despite learning disability, "low
7 intelligence," and memory loss because he did not show the connection between these conditions
8 and timely filing).

9   Additionally, petitioner argues that an illegal sentence may be corrected at any
10 time.  Although that may be true in California courts, it does not apply in federal habeas
11 proceedings.  See, e.g., People v. Reyes, 212 Cal.App.3d 852, 857 (1989).

12   Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to
13 dismiss (docket no. 13) be granted.

14   These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
16 one days after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties.  Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
19 shall be served and filed within fourteen days after service of the objections.  The parties are
20 advised that failure to file objections within the specified time may waive the right to appeal the
21 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22 DATED:  October 21, 2010.

_____
U.S. MAGISTRATE JUDGE

2

carp2448.157